UNITED STATES of America, Plaintiff–Appellee,

v.

Tommy J. MITCHELL, Defendant–Appellant.

No. 02–1649.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 18, 2002.*

Decided Oct. 31, 2002.

Before Hon. COFFEY, Hon. EASTERBROOK, and Hon. MANION, Circuit Judges.

Order

While his direct appeal was pending, Mitchell asked the district court to reduce his sentence on the ground that the Bureau of Prisons had not given him credit against his sentence for three months in state custody on a different offense. It is far from clear that the district court had jurisdiction to entertain this request–not only because of the pending appeal but also because it is hard to see any source of

---

* This successive appeal has been submitted to the panel that heard Mitchell's prior appeal. See Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

authority to modify the sentence. The habeas corpus statute, 28 U.S.C. § 2241, would not serve, because Mitchell was incarcerated in another district, and Fed. R.Crim.P. 35, which until 1987 authorized district judges to reduce sentences during a considerable period after their imposition, now does so for only 7 days following imposition, and the time provided by this rule may not be exceeded. See *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

But it is unnecessary for us to explore this jurisdictional question, because another jurisdictional bar supervened: mootness. Mitchell has been released outright. Although the possibility of collateral consequences means that a challenge to the *conviction* is not mooted by release while the case is on appeal, an argument that concerns only the *length* of incarceration becomes moot because the precise release date does not carry any potential collateral consequences. See *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Whether Mitchell should have been released at the end of February 2002 (as he contends) or on May 31, 2002 (as actually happened) is of no moment today, for he is out either way.

The order of the district court is vacated, and the matter is remanded with instructions to dismiss Mitchell's motion for lack of a case or controversy.